# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1797V

| | |
|---|---|
| LAUREN BELANGER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br><br>Filed: July 14, 2025 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*James Connor Daughton, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION ON DAMAGES[1]

On November 1, 2024, Lauren Belanger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of a Gardasil 9 (human papillomavirus or "HPV") vaccine that she received on October 24, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 17, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On July 14, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $42,594.45 (representing $42,500.00 for pain and suffering, and $94.45 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Proffer at 1 – 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LAUREN BELANGER, ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) Respondent. ) | No. 24-1797V<br>Chief Special Master Brian H. Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 1, 2024, Lauren Belanger ("petitioner") filed a filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of a Gardasil 9 ("HPV") vaccination received on October 24, 2023. Petition at 1. On April 17, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 14 & 15.

### I. ITEMS OF COMPENSATION

#### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $42,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.     **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $94.45. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.    **FORM OF THE AWARD**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $42,594.45 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                                            Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Assistant Attorney General

                                            C. SALVATORE D'ALESSIO
                                            Director
                                            Torts Branch, Civil Division

                                            HEATHER L. PEARLMAN
                                            Deputy Director
                                            Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

        TRACI R. PATTON
        Assistant Director
        Torts Branch, Civil Division

        <u>*s/ J. Connor Daughton*</u>
        J. CONNOR DAUGHTON
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.:   (202) 305-3907
        Email: james.c.daughton@usdoj.gov

Dated:  July 14, 2025